

SIGNED this 9th day of November, 2011

```
                    _____
                          Shelley D. Rucker
                    UNITED STATES BANKRUPTCY JUDGE
```

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                              No. 11-13016
                                                    Chapter 7
BRETT P. MUELLER &
JESSICA STARR MUELLER,

       Debtors;


FIA CARD SERVICES, N.A. (f.k.a. MBNA
AMERICA BANK, N.A and BANK OF
AMERICA) and DISCOVER BANK,
ISSUER OF THE DISCOVER CARD

       Plaintiff,

v                                                    Adversary Proceeding
                                                     No. 11-1126

BRETT P. MUELLER,

       Defendant.

**MEMORANDUM**

Plaintiffs FIA Card Services, N.A. and Discover Bank (collectively "Plaintiffs") bring this adversary proceeding against the defendant debtor Brett Mueller ("Defendant" or "Debtor") alleging that the Debtor obtained cash advances and received extensions of credit from them with no intention to repay the debts in violation of 11 U.S.C. § 523(a)(2)(A). [Doc. No. 1, Complaint]. The Debtor moves to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as applied to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012(b). [Doc. No. 8]. The Debtor further appears to assert that the Plaintiffs have failed to state their claims for fraud with particularity as required by Fed. R. Civ. P. 9 as incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 7009. The Plaintiffs oppose the motion to dismiss and assert that the Complaint should not be dismissed or that, in the alternative, the court should allow them to amend their Complaint. The Defendant has also filed a motion for a protective order to stay discovery that the Plaintiffs oppose. *See* [Doc. Nos. 10, 11].

**I.   Background**

Plaintiffs assert that the Defendant incurred total charges and cash advances on his accounts with FIA Card Services and Discover Bank that totaled $16,794.77 as of June 3, 2011, the date the debtors filed their Chapter 7 bankruptcy. They assert that between December 3, 2010 and April 12, 2011 the Defendant incurred $3,300 in cash advance and/or convenience check charges on his FIA Card Services account. They further contend that the Defendant incurred $6,000 in cash advance or convenience check charges on his Discover credit card between January 28, 2011 and January 29, 2011. Complaint, ¶¶ 8, 10. They assert that by obtaining the credit from the Plaintiffs, the Defendant represented an intent to repay the amounts extended. However, they allege that the Defendant had no ability or intent to repay his credit card debt. *Id.* at ¶ 14. The Complaint asserts that "[u]pon information and belief, the Defendant, by accessing other lines of credit to make payments on the account, created the

illusion that Defendant intended to repay the debts set forth herein; thereby concealing Defendant's insolvency." *Id.* at ¶ 18 (citing *Citibank (South Dakota) N.A. v. Eashai*, 87 F.3d 1082 (9th Cir. 1996)). They seek a judgment from this court that $9,300 of the debt owed to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must

take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has further clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

### III.    Analysis

11 U.S.C. § 523(a)(2)(A) prohibits discharges of debt based on "(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . ." 11 U.S.C. ¶ 523(a)(2)(A). The Sixth Circuit has held that to demonstrate nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A), a creditor must prove four elements:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). A creditor bears the burden of demonstrating these elements by a preponderance of the evidence. *Id.* at 281.

In *In re Vitanovich* the Sixth Circuit Bankruptcy Appellate Panel addressed the meaning of "actual fraud" within the context of § 523(a)(2)(A):

> We adopt the position of the Court of Appeals for the Seventh Circuit that actual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions. When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code.

*Mellon Bank v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)). The Sixth Circuit Bankruptcy Appellate Panel made clear that it finds that "actual fraud" is broader than a misrepresentation and encompasses "any deceit, artifice, trick, or design involving direct and active operation of the

mind, used to circumvent and cheat another." *In re Vitanovich*, 259 B.R. at 877 (citing *McClellan*, 217 F.3d at 893). The Sixth Circuit Bankruptcy Appellate Panel further explained that:

> "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud."

*In re Vitanovich*, 259 B.R. at 877 (quoting *Gerad v. Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)) (other quotation omitted).

With respect to the first element of "material misrepresentation," courts in this Circuit have held that "'material misrepresentations' are 'substantial inaccuracies of the type which would generally affect a lender's or guarantor's decision.'" *Whitaker v. Koenig*, 418 B.R. 265 (E.D. Tenn. 2009) (quoting *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 761 (Bankr. E.D. Tenn. 2003)).

With respect to the element of intent, in *In re Rembert* the Sixth Circuit noted that "the proper inquiry to determine a debtor's fraudulent intent is whether the debtor subjectively intended to repay the debt." 141 F.3d at 281. In addition, the Court noted that some courts have reviewed a series of twelve factors to help determine a debtor's intent to repay a debt. *Id.* at 282. The Court indicated that although it "believe[s] that 'factor-counting' is inappropriate when applying a subjective standard, the enumerated factors could help to determine the debtor's state of mind when she represented her intention to repay." *Id.* The enumerated factors that may help determine state of mind are:

> (1) the length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debtor made multiple charges on the same day; (8) whether or not the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a

sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities.

*Id.* at 282 n.3 (citing *Citibank South Dakota, N.A. v. Dougherty (In re Dougherty)*, 84 B.R. 653, 657 (B.A.P. 9th Cir. 1988), *abrogated on other grounds by Grogan*, 498 U.S. 279). A simple breach of contract, without more, will not demonstrate actual fraud or false representation for purposes of § 523(a)(2)(A); however, knowledge of an inability to comply with the terms of a loan agreement may permit such a finding of nondischargeability. *See ITT Financial Servs. v. Szczepanski (In re Szczepanski)*, 139 B.R. 842, 844 (Bankr. N.D. Ohio 1991). In determining intent to deceive, courts consider whether "'the totality of the circumstances 'presents a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.'" *Whitaker*, 418 B.R. at 272 (quoting *In re Copeland*, 291 B.R. at 766) (other quotation omitted).

With respect to the element of justifiable reliance in § 523(a)(2)(A), the Sixth Circuit in *In re Rembert* noted that justifiable reliance is a subjective standard. 141 F.3d at 280, n.2. The Sixth Circuit has also provided guidance regarding factors to consider when analyzing justifiable reliance. *See BankBoston Mortgage Corp. v. Ledford (In re Ledford)*, 970 F.2d 1556, 1560 (6th Cir. 1992). In *In re Ledford*, decided before *In re Rembert*, the Sixth Circuit addressed the issue of reasonable reliance in the context of § 523(a)(2)(A):

> Whether a creditor's reliance was reasonable is a factual determination to be made in light of the totality of the circumstances. Among the circumstances that might affect the reasonableness of a creditor's reliance are: (1) whether the creditor had a close personal relationship or friendship with the debtor; (2) whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; (3) whether the debt was incurred for personal or commercial reasons; (4) whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and (5) whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.

970 F.2d at 1560. The district court in *Whitaker* noted that, with respect to justifiable reliance, creditors "must prove that they actually relied on [a debtor's] representations and, based upon the facts and circumstances known to them at the time, that their reliance was justifiable." 418

B.R. at 273 (citing *Haney*, 291 B.R. at 767).

To demonstrate proximate cause, a creditor must prove a "'direct link between the alleged fraud and the creation of the debt.'" *Whitaker*, 418 B.R. at 274 (quoting *Haney*, 291 B.R. at 768).

Federal Rule of Civil Procedure 9(b), applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7009, requires that allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). This requirement includes allegations of fraud made pursuant to 11 U.S.C. § 523(a)(2)(A). *See MBNA America Bank, N.A. v. Henning (In re Henning)*, 309 B.R. 508, 515 (Bankr. W.D. Mich. 2004). The rule requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* Courts in this Circuit have explained that "'[t]o satisfy Fed.R.Civ.P. 9(b), a plaintiff must at a minimum allege the *time, place and contents of the misrepresentation(s)* upon which he relied.'" *Matter of Dunlevy*, 75 B.R. 914 (Bankr. S.D. Ohio 1987) (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)) (emphasis in original). In this case the Plaintiff has alleged the time of the charges, the amount of the charges, and the transfer of balances from other cards. The Plaintiff also alleges that with respect to FIA Card Services, N.A., as a result of the Defendant's activities, "the account credit limit was nearly exhausted." Complaint, ¶ 9.

The court finds that this case contains similarities with a prior decision of this court, *MBNA v. Jeffery (In re Jeffery)*, No. 05-1216, 2006 WL 2854392 (Bankr. E.D. Tenn. 2006); Bankr. Case No. 05-15654. In that case, as in this one, the plaintiff bank that extended credit to the debtor asked for leave to amend its complaint to state fraud with particularity. The court found that several of the transactions occurred within the period when the plaintiff had the presumptions provided in 11 U.S.C. § 523(a)(2)(C). [Bankr. Case No. 05-1216, Doc. No. 11]. With respect to transactions outside those periods, the court found that the initial complaint failed to meet the requirements of Rule 9 because the allegations of fraud were conclusory in

nature. *Id.* It denied the debtor's motion to dismiss without prejudice and provided the plaintiff with twenty days to amend its complaint to satisfy the requirements of Rule 9. In this case, the Plaintiffs' allegations of fact are conclusory in nature regarding the Defendant's representations to repay the debts, the Plaintiffs' reasonable reliance on those representations, and the Defendant's lack of objective intent to repay the debts. *See* Complaint, ¶¶ 12-14. The Plaintiffs then assert that the Defendant obtained credit through false pretenses, false representations or actual fraud. *Id.* at 15. In order to be successful, the Plaintiffs will need to bolster these allegations with actual relevant facts pertaining to the Defendant's receipt and use of credit as explained in *In re Rembert*, 141 F.3d at 282 n.3. However, the allegations are barely sufficient to allow the Defendant to defend the allegations. The Plaintiffs have requested an opportunity to amend in their response, and the right to amend should be freely given when justice so requires. Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(2).

The court concludes that, as in *In re Jeffery*, it is appropriate to provide the Plaintiffs with an opportunity to amend their Complaint to articulate facts which comport with the requirements of Rule 9 and the factors in *In re Rembert* to the extent those facts are within the Plaintiffs' knowledge and control. The court will deny the motion to dismiss without prejudice and will provide the Plaintiffs until December 1, 2011 to amend their Complaint.

A separate order will enter.

# # #